WILLIAM H. SMOOT v. WILLIAM SMOOT et al.

1. RESCISSION. _Interest allowed on purchase money._ Upon rescission of a parol contract for the purchase money of land, interest will be allowed on the purchase money paid, unless there is some equity in the case, calling for the exercise of the discretion of .the court to disallow it.

2. SAME. _Improvements._ Improvements will be allowed to the full extent they enhance the value of the land, without regard to the amount of the _rents_ or the cost of the improvements.

3. PRACTICE. _Exceptions to report of Referees._ An exception to the report of Referees which does not point out the proof in the record sustaining it, will not be considered.

FROM WARREN.

Appeal from the Chancery Court at McMinnville. JNO. W. BURTON, Ch.

JONES & LIND for William H. Smoot.

WOMACK & MURRAY, F. B. SPURLOCK for William Smoot et al.

FREEMAN, J., delivered the opinion of the court.

This bill is filed for the purpose of having a rescission of a parol contract for sale of a small tract of land, the purchase money paid refunded and declared a lien on the land, with an account of the rents and profits against complainant, he being in possession, and also the enhanced value of the land by reason of improvements, with taxes paid, in favor of complainant.

Other matters of account were introduced into the bill foreign to the main purpose, growing out of the fact that the vendor had become a lunatic after the sale, and complainant had been one of his guardians, appointed by the county court—a trust, however, which he claims to have settled, passed his accounts, and been discharged from.

The matters of account, on a decree of rescission, were referred by the chancellor to the master, who filed his report, to which both parties filed exceptions. From the decree on this report the complainant alone appealed. The defendant not having appealed from this decree, we need but say, was not before the court for any action on the matters of account.

The chancellor, after settling the amount of purchase money, gave a decree for the same, but refused to allow interest on the sums paid.

The Referees report in favor of a modification of this part of his honor's decree, charging also the amount charged in the bill.

The defendants except to the report of the Referees in allowing interest on the payments. We think the report is correct, and there is nothing in the facts of the case calling for the exercise of the discretion of the court to disallow interest on money paid out or payments made on the land. The purchaser is not shown to have been in any fault in the matter. The completion of the parol contract probably was defeated by the lunacy of the vendor. The exception is overruled.

The defendants further except to the allowance by the Referees of $35.43 claimed to have been paid by complainant as expenses of taking his lunatic ward to the asylum at Nashville.

This exception is sustained, as we think the proof shows that complainant was paid this sum in corn by his mother. It was the corn of the father, notwithstanding his lunacy, and was properly applied to the payment of a necessary expense. At any rate we can see no reason for giving a recovery in favor of complainant for the use of the mother in this case.

Complainant has filed two exceptions to the report. The first is as to the cost, but counsel agree the costs of the case should be paid out of the fund arising from the sale of the land.

The second is for the cause that complainant was limited by the chancellor in his recovery as to improvements to the amount of the rents, and that the

value of the improvements, he says, was largely in excess of the rents.

The law is that the improvements so far as they enhance the value of the land are to be allowed, and this recovery is not limited by the value or amount of the rents, as · was held in a manuscript case at Knoxville of *Day, Griswold & Co.* v. *Walker,* 1876, and again at last term in case of *Fisher* v. *Edington,* 12 Lea, 189, after full consideration of the question.

But complainant does not raise this question, but insists he is entitled to the full value of the improvements. This never was his right in equity, but only the enhanced value of the land, by reason of the improvements; the principle being that as the party gets his land back with this much more in the market value, he shall pay for what he then gets, irrespective of the cost of such improvements.

But the exception fails for two other reasons. First, the chancellor did not hold as a matter of law, that the recovery for improvements should be limited as a matter of law to the rents. He simply found, that in fact, the one amounted to the same sum, to wit, $245, from the proof. The Referees, it is true, assume the law to be as stated, as the reason why they do not go into an investigation of the facts to see whether this was correct or not. Second, the exception insists that the proof in the record shows the improvements of much larger value than the rents, but fails to point out any proof whatever as sustaining this assertion, not a single reference to the testimony or witness on the subject. This would require us to

read this entire record to see how the fact is, as we have several times held at this term, such an exception and brief must be disregarded.

The report of the Referees in its results except as to $35 is approved, and will only be modified as indicated in this opinion.